**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
JOHN TOM SMITH,                     )
310 Ellsworth Drive                 )
Silver Spring MD 20910              )
                                    )
         Plaintiff,                 )      **Civil Action No. _____**
                                    )
v.                                  )      **COMPLAINT**
                                    )
J. DAVID PAULISON, ADMINISTRATOR,   )
FEDERAL EMERGENCY MANAGEMENT        )      **JURY TRIAL DEMANDED**
AGENCY,                             )
500 C Street SW                     )
Washington, DC 20472                )
                                    )
         Defendant.                 )
_____ )

**COMPLAINT**

**NATURE OF ACTION**

1.  This is an action by Plaintiff, John Tom Smith, (hereafter "Smith" or "Plaintiff") to redress actions taken by Defendant, Federal Emergency Management Agency (hereafter "Defendant," "Agency" or "FEMA") based on discrimination pursuant to the Age Discrimination in Employment Act (ADEA). Plaintiff brings this action to correct unlawful employment practices on the basis of age.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f). This Court has jurisdiction to award declaratory relief and all

reasonable attorney's fees and costs pursuant to 42 U.S.C.A. §2000e-5(g)(k), 29 U.S.C.A. §626(b)(c)(1)(2), and 28 U.S.C.A. §1346b(1).

3. Venue is appropriate in this district pursuant to the venue statute as set forth under 42 U.S.C. § 2000e (5) (f) (3), and the local rules of this court. The unlawful employment practice occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. All of the necessary administrative prerequisites for filing the above referenced claims have been met.

5. Plaintiff timely filed his initial complaint on or about July 13, 2006.

6. Plaintiff timely amended his complaint on or about July 21, 2006.

7. On March 22, 2007, the Agency issued its Report of Investigation ("ROI").

8. On or about March 28, 2007, the Agency notified Plaintiff concerning the ROI.

9. Said ROI was woefully inadequate, and it appears that the investigator looked at few, if any, significant documents.

10. On or about May 2, Plaintiff responded to the Agency, and informed the Agency of his decision to file an action in this Court.

11. The Agency has stated that it will issue a final agency decision; its decision will be based upon the ROI.

12. Pursuant to 29 CFR §1614.407(c), Plaintiff has filed a timely Complaint with this court in the appropriate United States District Court within the 90-day statutory period from the receipt of a final agency decision.

## PLAINTIFF

13. Plaintiff, John Tom Smith, is a Caucasian American male, born 02/15/1942, and is a United States Citizen residing in the State of Maryland. He is a resident of Silver Spring, Maryland (Montgomery County), where he resided during all times relevant to this action.

## DEFENDANT

14. Defendant, R. David Paulison, Administrator, Federal Emergency Management Agency, an agency of the United States of America. Administrator R. David Paulison is named as defendant in this action in his official capacity as the head of the Federal Emergency Management Agency.

## FACTUAL ALLEGATIONS

15. Plaintiff has 23 years experience with FEMA and currently serves as Supervisory Emergency Management Specialist, GS-0301-14 at the Agency.

16. Plaintiff also serves as Acting Branch Chief, Programs and Standards Branch of FEMA.  As Acting Branch Chief, Plaintiff carries out management duties, prepares a budget, and advises senior management in the formulation of Agency policy.  Plaintiff also represents the Agency at meetings and conferences of the Interagency National Response Team, the National Incident Management Center (NIC), and the State and Urban Area Homeland Security Board, which reviewed strategies to ensure state and local compliance with the Department of Homeland Security national preparedness strategy.

17. Plaintiff further helped formulate much of the policy that is promulgated in the National Incident Management System ("NIMS").

18. In addition, during declared disasters, Plaintiff serves as the night Branch Chief in the Operations Section of the National Resource Coordinating Center.

19. On September 19, 2004, Plaintiff was temporarily promoted to the position of Acting Branch Chief of the Programs and Standard Branch in the FEMA Preparedness Directorate.

20. Upon his promotion as Acting Branch Chief, Plaintiff began acting officially in a GS-15 supervisory capacity.

21. On or about January, 2005, Plaintiff's temporary promotion expired.

22. Upon the expiration of his promotion, Plaintiff was misassigned for 14 months to higher-graded supervisory activities for which he was not fully compensated.

23. Although the temporary promotion expired, Plaintiff was rated against supervisory performance standards.

24. Despite the expiration of his temporary promotion, Plaintiff continued to perform successfully the supervisory activities of the GS-15 position, as demonstrated by his performance appraisals.

25. Plaintiff's appraisals were at the GS-15 level. The only changes in the standard GS-15 appraisal form used to appraise Plaintiff were (1) a hand-written cross-out of the number "15" after the letters "GS" by Plaintiff's

first-line supervisor, Al Fluman; and (2) Fluman's hand-written insertion of the number "14" in place of the number "15."

26. On or about February, 2006, Fluman deliberately excluded Plaintiff from a Branch Director meeting.

27. Plaintiff thereupon confronted Fluman concerning Fluman's exclusion of Plaintiff from the Branch Director meeting.

28. Fluman's explanation for excluding Plaintiff from the Branch Director meeting was that Fluman had taken someone else's advice to exclude Plaintiff, but that Fluman now believed that this was bad advice.

29. On or about March 1, 2006, Defendant dissolved a program in which Plaintiff was the Project Officer, and terminated funding for the Program, without notification to Plaintiff.

30. The dissolved program, the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") program, was an important FEMA program, and, to this day, Plaintiff has received no explanation concerning its dissolution or the termination of funding.

31. On or around March, 2006, Fluman began assigning duties to Plaintiff's subordinates without informing Plaintiff.

32. On April 27, 2006, Plaintiff applied for the position of Supervisory Program Specialist, GS-0301-14, with a promotion potential to GS-15, under Announcement RB-06-221-AJS. He was placed on the best qualified list, but was not interviewed or selected.

33. Plaintiff's name was referred to the selecting official, who was Plaintiff's first-line supervisor, Fluman.   Plaintiff was not interviewed or selected.

34. Plaintiff also applied for the position of Supervisory Program Specialist, GS-0301-14/15 under Announcement RB-06-228-AJS. He was placed on the best qualified list, but was not interviewed or selected.

35. Plaintiff's name was referred to the selecting official, who was, again, Fluman.

36. Plaintiff was not interviewed or selected.

37. Plaintiff, at the time that he was not interviewed for either position, had been the Acting Branch Chief for over a year-and-a-half.

38. The GS-0301-14 position advertised under announcement RB-06-221-AJS had the same job description and duties as those of the position that Plaintiff had been fulfilling as Acting Branch Chief for over a year-and-a-half.

39. The person selected instead of Plaintiff for the GS-0301-14 position under Announcement RB-06-221-AJS is substantially younger that Plaintiff.  He is James Millikin.

40. Upon information and belief, Millikin had no prior supervisory experience or GS-15 experience at the time that he was selected.

41. The person selected instead of Plaintiff for the GS-0301-15 position under Announcement RB-06-228-AJS is also substantially younger that Plaintiff. He is Tracey Haynes.

42. Haynes was hired from outside the Agency, and was serving as a temporary hire at the time that he was appointed.

43. Upon information and belief, Haynes had no prior supervisory experience or GS-15 experience at the time that he was selected.

44. Once the above RB-06-221-AJS selection was finalized, Plaintiff was told that he was not selected because Fluman felt that Plaintiff was not the "right" person for the job.

45. Plaintiff received no explanation from Fluman whatsoever concerning Plaintiff's non-selection for the RB-06-228-AJS position.

46. Upon information and belief, Plaintiff's non-section for the RB-06-228-AJS position resulted from Plaintiff's prior EEO activity.

47. Plaintiff not only met, but exceeded, the systems experience for the position advertised under announcement RB-06-221-AJS.

48. Plaintiff not only met, but exceeded, the metrics experience for the position advertised under announcement RB-06-228-AJS.

49. Plaintiff meets all the new requirements for the position advertised under Announcement RB-06-221-AJS in all ways.

50. Plaintiff meets all the new requirements for the position advertised under Announcement RB-06-228-AJS in all ways.

51. Plaintiff has, unlike the selectees, performed complex managerial and supervisory work.

52. Plaintiff has, unlike Millikan, performed the same job duties as those advertised under announcement RB-06-221-AJS.

53. The selectees (Millikan and Haynes) were unable to perform all facets of the supervisory position at the GS-15 level.

54. Plaintiff has been subjected to continuing discrimination and reprisal.

55. On June 26, 2006, without Plaintiff's knowledge, and with no prior notification to Plaintiff, Plaintiff's authority to sign and certify time and attendance cards was removed from Plaintiff's computer account.

56. Defendant continues to exclude Plaintiff from crucial Branch Chief meetings and the Federal Partners NIMS meeting.

## CAUSES OF ACTION

### Count I: Age Discrimination in Treatment of Plaintiff in Workplace

57. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

58. Beginning on February, 2006, Fluman excluded Plaintiff from a Branch Director meeting.

59. Defendant's dissolution of the CERCLA program, and the termination of funding, without notification to Plaintiff, was also a discriminatory act designed to strip Plaintiff of one of his important functions.

60. Fluman's assigning duties to Plaintiff's subordinates without informing Plaintiff was also a discriminatory act intended to deprive Plaintiff of his supervisory authority.

61. Defendant's misassignment of Plaintiff, and assignment of supervisory functions, without proper compensation, is also a discriminatory act and a Prohibited Personnel Practice (PPP).

62. Fluman was directly aware of, and contributed to, this discriminatory act and PPP, when he crossed out the number "15" from Plaintiff's appraisal and inserted the number "14" instead.

63. Defendant's actions, conduct and/or omissions in excluding Plaintiff from meetings was substantially motivated by age.

64. Defendant's actions and conduct in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

65. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

### Count II: Age Discrimination in Non-Selection of Plaintiff

66. Fluman intentionally ignored Plaintiff's KSAs, resume, qualifications, and experience as they pertain to job announcement RB-06-221-AJS to prevent Plaintiff's further pursuit of the desired vacancy in favor of a candidate not in Plaintiff's protected class. This was a PPP.

67. Fluman's explanation for selecting Millikin to fill the position advertised in job announcement RB-06-221-AJS, that Millikin has "experience as a detailed employee from DHS Grants and Training," ignores Plaintiff's far greater expertise and credentials with respect to the position advertised in job announcement RB-06-221-AJS.

68. Defendant's selection of Millikin and explanation for said selection were arbitrary and capricious and with intent to cause disparate treatment of the Plaintiff due to his age.

69. Based upon information and belief, Plaintiff was substantially more qualified and had substantially more working experience than the selected employee for the desired vacancy. The lesser-qualified selected employee was not in Plaintiff's protected class.

70. Defendant's actions, conduct and/or omissions in denying Plaintiff career advancement were substantially motivated by age.

71. Defendant's actions and conduct in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

72. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

73. But for Defendant's actions, conduct and/or omissions, Plaintiff would have been advanced to a GS-15 level position.

74. Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement.

75. But for Defendant's actions and conduct, Plaintiff would not have been injured.

76. Fluman intentionally ignored Plaintiff's KSAs, resume, qualifications, and experience as they pertain to job announcement RB-06-228-AJS to

prevent Plaintiff's further pursuit of the desired vacancy in favor of a candidate not in Plaintiff's protected class.

77. Fluman's explanation, in an affidavit, for selecting Haynes to fill the position advertised in job announcement RB-06-228-AJS, that Haynes has "extensive background in the Recovery Program" and "experience in the Long-Term Recovery operations for Hurricane Katrina," is completely irrelevant to the job description, was illegally imposed after-the-fact as a pretext, and ignores Plaintiff's far greater expertise and credentials with respect to the position advertised in job announcement RB-06-228-AJS.

78. Defendant's selection of Millikan, and explanation for said selection, were arbitrary and capricious and with intent to cause disparate treatment of the Plaintiff due to his age.

79. Defendant's selection of Haynes and explanation for said selection were arbitrary and capricious and with intent to cause disparate treatment of the Plaintiff due to his age.

80. Based upon information and belief, Plaintiff was substantially more qualified and had substantially more working experience than the selected employees for the desired vacancies. The lesser-qualified selected employees were not in Plaintiff's protected class.

81. Defendant's actions, conduct and/or omissions in denying Plaintiff career advancement were substantially motivated by age.

82. Defendant's actions and conduct in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

83. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

84. But for Defendant's actions, conduct and/or omissions, Plaintiff would have been advanced to a GS-15 level position.

85. Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement.

86. But for Defendant's actions and conduct, Plaintiff would not have been injured.

## Count III: Reprisal

87. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

88. After Plaintiff filed an EEO claim to exercise his rights to have his claims of unlawful discrimination, Defendant failed to select Plaintiff for the position advertised under Announcement RB-06-228-AJS.

89. The selecting official for the position advertised under Announcement RB-06-228-AJS, Fluman, provided Plaintiff no explanation concerning Plaintiff's non-selection.

90. Defendant selected instead of Plaintiff for the position advertised under Announcement RB-06-228-AJS someone considerably less qualified than Plaintiff. The selectee was also from outside the Agency.

91. Fluman's explanation, in an affidavit, for selecting Haynes to fill the position advertised in job announcement RB-06-228-AJS, that Haynes has "extensive background in the Recovery Program" and "experience in the Long-Term Recovery operations for Hurricane Katrina," is completely irrelevant to the job description, was illegally imposed after-the-fact as a pretext, and ignores Plaintiff's far greater expertise and credentials with respect to the position advertised in job announcement RB-06-228-AJS.

92. On June 26, 2006, without Plaintiff's knowledge, and with no prior notification to Plaintiff, Plaintiff's authority to sign and certify time and attendance cards was removed from Plaintiff's computer account.

93. Defendant continues to exclude Plaintiff from crucial Branch Chief meetings and the Federal Partners Nims meeting.

94. There was a nexus between Plaintiff's protected activity and the retaliatory events listed above.

95. Plaintiff was damaged by Defendant's actions.

## **DAMAGES**

96. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

97. As a direct result of Defendant's actions, conduct and/or omissions as alleged herein this Complaint, Plaintiff suffered monetary and non-monetary damages.

98. In addition to the aforementioned damages, Plaintiff suffered emotional and mental anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, loss of professional standing, damage to professional character and reputation, loss of future earnings and/or economic potential, and other economic and non-economic damages as a direct result of Defendant's unlawful actions, conduct, and/or omissions.

WHEREFORE, PLAINTIFF REQUESTS that he be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant, was a violation of Plaintiff's federally protected rights;

b) An order directing Defendant to pay all pecuniary and non pecuniary damages suffered by Plaintiff as alleged herein in this Complaint;

c) An order directing Defendant to pay all damages incurred by Plaintiff, pursuant to Defendant's violations of the ADEA.

d) An order directing Defendant to pay all reasonable attorneys fees and costs incurred by Plaintiff and/or Plaintiff's counsel in this litigation;

e) Such other and further relief as the Court may deem just.

**Plaintiff requests for a jury trial on all matters of fact and/or combined matters of fact and law.**

Dated:  Baltimore, Maryland
            June 6, 2007

                            Respectfully Submitted,


                            _____/s/_____
                            Michael J. Snider, Esq.
                            James L. Fuchs, Esq.
                            Snider & Associates, LLC
                            104 Church Lane, Suite 201
                            Baltimore, Maryland 21208
                            410-653-9060 phone
                            410-653-9061 fax
                            Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.         Example:         U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.