UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN TOM SMITH, <br><br> Plaintiff, <br><br> v. <br><br> J. DAVID PAULISON, Administrator, <br> Federal Emergency Management Agency <br><br> Defendant. | Civil Action No. 07-1045 (RMU) |

## ANSWER

COMES NOW, J. David Paulison, Administrator of the Federal Emergency Management Agency (hereinafter, "FEMA") which is a component of the Department of Homeland Security, by and through its undersigned attorneys, and answers Plaintiff John Tom Smith's ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### SECOND DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

### THIRD DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, defendant states as follows:

### NATURE OF ACTION

1. Paragraph 1 contains a characterization of Plaintiff's action to which no admission or denial is required. To the extent that a response is deemed necessary, FEMA admits that this

action was filed by Plaintiff, but denies the remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2.   Paragraph 2 contain conclusions of law to which no answer is required. To the extent that an answer is required, FEMA admits to the allegations in Paragraph 2.

3.   Paragraph 3 contain conclusions of law to which no answer is required. To the extent that an answer is required, FEMA admits that venue is proper in this court, but denies that an unlawful employment practice occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4-6.   FEMA admits the allegations in Paragraphs 4-6.

7.   FEMA lacks knowledge and information sufficient to form a belief as to the truth cf Paragraph 7. To the extent that Paragraph 7 refers to the date that FEMA received the ROI from the investigator, FEMA admits the allegations in Paragraph 7.

8.   FEMA admits the allegations in Paragraph 8.

9.   FEMA denies the allegations in Paragraph 9.

10-11.   FEMA admits the allegations in Paragraphs 10-11.

12.   FEMA denies the allegations in Paragraph 12.

## PLAINTIFF

13.   FEMA admits that Plaintiff is over 40 years of age, but lacks knowledge and information sufficient to form a belief as to the truth of the remainder of Paragraph 13.

**DEFENDANT**

14.     FEMA admits that the factual statement in Paragraph 14 is correct, but avers that FEMA is a component agency of the Department of Homeland Security and Michael Chertoff, Secretary, Department of Homeland Security is the proper defendant.

**FACTUAL ALLEGATIONS**

15.     FEMA denies the allegations in Paragraph 15 except to admit that Plaintiff is a GS 14 level employee.

16.     FEMA admits that Plaintiff served as the Acting Branch Chief, Program and Standards Branch and further admits that Plaintiff prepared a budget. Answering further, FEMA denies the remaining allegations in Paragraph 16, except to admit that Plaintiff participated in meetings and conferences of the Interagency National Response Team and National Incident Management Center and the State and Urban Area Homeland before and after he was appointed to the temporary position of Acting Branch Chief.

17.     FEMA denies the allegations in Paragraph 17, and avers that Plaintiff's role, if any, in the formulation of policy was very limited.

18-21.  FEMA admits the allegations in Paragraphs 18-21.

22.     FEMA denies the allegations in Paragraph 22, and avers that Plaintiff voluntarily continue to serve as the Acting Branch Chief after his temporary promotion had expired.

23-24.  FEMA admits the allegations in Paragraphs 23-24.

25.     FEMA denies that Plaintiff was appraised at the GS 15 level.  Answering further, FEMA denies the remaining allegations of Paragraph 25.

26.     FEMA denies the allegations in Paragraph 26.

27.     FEMA lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 27.

28-30.  FEMA denies the allegations in Paragraphs 28-30.

31-37.  FEMA admits the allegations in Paragraphs 31-37.

38.     FEMA denies the allegations in Paragraph 38.

39.     FEMA admits only that James Mullikin who is younger than Plaintiff was selected for the GS-0301-14 position under Announcement RB-06-221.

40.     FEMA denies the allegations contained in Paragraph 40.

41.     FEMA admits only that Tracey Haynes who is younger than Plaintiff was selected for the GS-0301-15 position under Announcement RB-06-228-AJS.

42-43.  FEMA denies the allegations contained in Paragraphs 42-43.

44.     FEMA lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 44.

45.     FEMA lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 45.

46.     FEMA denies the allegations contained in Paragraph 46. Answering further, Furman was not aware of Plaintiff's alleged EEO activity at the time he made the decision to promote Haynes to the position under vacancy announcement number RB-06-228-AJS position.

47-48.  FEMA admits that Plaintiff met the requirements of the positions, but denies that he was better qualified than the selectees.

49-50.  FEMA admits to the allegations in Paragraphs 49-50.

51-54.  FEMA denies the allegations of Paragraphs 51-54.

55.     FEMA lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 55.

56.     FEMA denies the allegations in Paragraph 56.

## CAUSES OF ACTION

### Count I:  Age Discrimination in Treatment of Plaintiff in Work Place.

57.     FEMA adopts and incorporates by reference its answers to the preceding Paragraphs.

58.     FEMA denies the allegations in Paragraph 58.

59.     Paragraph 59 contains legal conclusions to which no answer is required.  To the extent that an answer is required, FEMA denies the allegations.

60-65.  FEMA denies the allegations contained in Paragraphs 60-65.

### Count II: Age Discrimination in Non-Selection of Plaintiff

66-72.  FEMA denies the allegations contained in Paragraphs 66-72.

73.     FEMA is without sufficient information to admit or deny Plaintiff's allegations concerning advancing to a GS-15 level position.  Answering further, FEMA denies that it discriminated against Plaintiff in any way.

74-83.  FEMA denies the allegations contained in Paragraphs 74-83.

84.     FEMA is without sufficient information to admit or deny Plaintiff's allegations concerning advancing to a GS-15 level position.  Answering further, FEMA denies that it discriminated against Plaintiff in any way.

85-86.          FEMA denies the allegations contained in Paragraphs 85-86.

### Count III: Reprisal

87.     FEMA adopts and incorporates by reference its answers to the preceding

paragraphs.

88. FEMA denies the allegations in Paragraph 88.

89. FEMA lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 89.

90-91. The averments of Paragraphs 90-91 are denied.

92. FEMA lacks knowledge and information sufficient to form a belief as to the truth of Paragraph 92.

93-95. FEMA denies the allegations in Paragraphs 93-95.

## **DAMAGES**

96. FEMA adopts and incorporates by reference its answers to the preceding paragraphs.

97-98. Paragraphs 97 and 98 are denied.

## **WHEREFORE CLAUSE**

The Wherefore clause contains Plaintiff's complaint is his Prayer for Relief to which no response is required. To the extent that a response is deemed necessary, FEMA denies that Plaintiff is entitled to the relief requested in their prayer for relief or to any relief whatsoever. Defendant further avers that no compensatory damages may be awarded in this action.

Defendant denies each and every statement and allegation in this complaint not specifically admitted above.

Defendant further denies that Plaintiff is entitled to a jury trial.

WHEREFORE, having fully answered, defendant respectfully requests that judgment be

entered in its favor, that this action be dismissed with prejudice, and that defendant be granted such other relief as the Court deems appropriate.

        Respectfully submitted,

        _____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

        _____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        _____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137