UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JOHN TOM SMITH,                           )
                                          )
    Plaintiff,                            )   **Civil Action No.** 07-1045 (RMU)
                                          )   **JURY DEMAND**
v.                                        )
                                          )
J. DAVID PAULISON, ADMINISTRATOR,         )
FEDERAL EMERGENCY MANAGEMENT              )
AGENCY,                                   )
                                          )
    Defendant.                            )
_____ )

## JOINT STATEMENT TO THE COURT

    Plaintiffs, by and through his attorneys, Michael J. Snider, Ari Taragin, James L. Fuchs, and Snider & Associates, LLC, and Defendant, by and through his attorneys, Claire Whitaker, hereby submit this Joint Rule 16.3 statement. The Parties conferred via telephone on Tuesday, December 4, 2007, and discussed all of the matters set forth in LCvR 16.3 and FRCP 26. Where the parties were unable to reach agreement, their respective positions are stated in paragraphs lettered "A" or "B."

## STATEMENT OF THE CASE

    This is an action by Plaintiff, John Tom Smith (hereinafter "Smith" or "Plaintiff"), to redress actions taken by Defendant, Administrator, Federal Emergency Management Agency (hereinafter "Defendant," or "FEMA") based on discrimination pursuant to the Age Discrimination in Employment Act (ADEA). Plaintiff brings this action to correct unlawful employment practices on the basis of age. Plaintiff alleges that he was

subjected to discrimination in the workplace, that he was subjected to discrimination by non-selection, and that he was subjected to reprisal. FEMA denies that the conduct about which Plaintiff complains was based on discriminatory or any other unlawful intent and asserts that there are legitimate, nondiscriminatory reasons for the employment decisions taken. Defendant denies that Plaintiff is entitled to the relief demanded or any relief whatsoever.

### LCvR 16.3(c) Report:

**(1)** **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

   A. Plaintiff does not believe that this case can be resolved by dispositive motion.

   B. FEMA believes that this matter is likely to be disposed of via post-discovery motion for summary judgment.

**(2)** **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties do not believe that they will need to join any additional parties or amend their pleadings, but state that, in the unlikely event that either party deems it necessary to join additional parties or amend their pleadings, it will do so no later than January 23, 2008.

**(3)** **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties agree to referral for a magistrate judge for discovery matters and discovery disputes.

**(4)** **Whether there is a realistic possibility of settling the case.**

The parties believe that there is some possibility of settling this case.

**(5)** **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).**

      A.      The Parties believe that ADR, including early ADR, would be helpful and would agree to it at this point.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

      A.      Plaintiff believes that there are issues of fact that need to go before a jury. Plaintiff also believes that 30 days after the close of discovery is sufficient time for defendant to file its motion for summary judgment.

      B.      Defendant believes that this case can be resolved by a post-discovery motion for summary judgment. Defendant proposes that the defendant file its motion for summary judgment 60 days after the close of discovery. The parties further propose that opposition and reply briefs be filed in accordance with the Local Rules.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties do not agree to dispense with initial disclosures, and do not propose any changes in the scope, form, or timing of those disclosures.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties request a period of 120 days during which to pursue fact discovery. The parties propose that discovery be stayed during the ADR process which should last 30 days. Therefore, the parties propose that fact discovery close on May 14, 2008.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Plaintiff proposes that his exchange expert witness report be due no later than May 16, 2008, and Defendant's expert's report no later than June 16, 2008. Expert discovery is proposed to close on July 16, 2007.

**(10)** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable. This is not a class action.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not believe that trial or discovery should be bifurcated or managed in phases.

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties suggest that the pretrial conference take place 30 days after this Court rules on the defendant's anticipated motion for summary judgment.

**(13)** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

 A. Plaintiff believes that a firm trial date should be set at this time.

 B. Defendant believes that a trial date should be set at the pretrial conference and that the pre-trial conference should take place 30 days after a decision on any dispositive motions.

**(14)** **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiff believes that a status conference should be set with the Court every three months. The Parties agree to discuss the retention of records on both sides and do not anticipate difficulties in this area.

The parties are filing a joint proposed scheduling order today.

          Respectfully submitted,

December 17, 2007

          __/s/_____
          James L. Fuchs, D.C. Bar # 454514
          Ari Taragin
          Michael J. Snider

          Snider & Associates, LLC
          104 Church Lane, Suite 201
          Baltimore, MD 21208
          (410) 653-9060

          *Attorneys for Plaintiff*


          Respectfully submitted,

          _____/s/_____
          JEFFREY A. TAYLOR , D.C. Bar # 498610
          United States Attorney

          _____/s/_____
          RUDOLPH CONTRERAS, D.C. Bar # 434122
          Assistant United States Attorney

          _____/s/_____
          CLAIRE WHITAKER, D.C. Bar #354530
          Assistant United States Attorney
          United States Attorneys Office
          Civil Division
          555 4th Street, N.W., Room E-4204
          Washington, D.C. 20530
          (202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN TOM SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>J. DAVID PAULISON, ADMINISTRATOR, FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>    Defendant. | **Civil Action No.** 07-1045 (RMU)<br>**JURY DEMAND** |

## SCHEDULING ORDER

It is hereby ORDERED and DECREED on this _____ day of _____, 2008 that the schedule in this matter shall be as follows:

(1) Discovery in this case is stayed until February 15, 2008, to allow the parties to attempt mediation with the assistance of the Magistrate Judge.

(2) The deadline for completing all fact is discovery is May 14, 2008.

(3) The deadline for filing dispositive motions is June 13, 2008 (Plaintiff's Proposal)   July 12, 2008 (Defendant's Proposal).

(4) The deadline for Plaintiff to provide Defendant with Plaintiff's expert report(s) is May 16, 2008.

(5) The deadline for Defendant to provide Plaintiff with Defendant's expert report(s) is June 16, 2008.

The deadline for completing all expert discovery is July 16, 2008.

                                        Hon. Ricardo M. Urbina
                                        U.S. District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 17, 2007, I filed the foregoing electronically using the Court's ECF system, which will automatically provide notice to the following attorneys: Claire M. Whitaker.

                                 __/s/_____
                                 James L. Fuchs, Esq.