# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTICT OF COLUMBIA

| | |
|---|---|
| **JOHN TOM SMITH**<br><br>310 Ellsworth Drive<br>Silver Spring, MD 20910<br><br>**Plaintiff,**<br><br>    v.<br><br>**MICHAEL CHERTOFF, SECRETARY,**<br>**U.S. DEPARTMENT OF HOMELAND**<br>**SECURITY**<br><br>425 Murray Lane, Building 410<br>Washington, DC  20528<br><br>**Defendant.** | )<br>)<br>)<br>)<br>) **Civil Action. No**. 07-1045 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR PERMISSION TO FILE AMENDED COMPLAINT

Now comes John Tom Smith ("Plaintiff) by and through his undersigned representatives from the Law Offices of Snider & Associates, LLC, and leave of this Court, pursuant to LCvR 7(i) to file an Amended Complaint.

In its answer, Defendant, J. DAVID PAULISON, ADMINISTRATOR, FEDERAL EMERGENCY MANAGEMENT AGENCY ("Mr. Paulison" or "Previous Defendant") stated that the correct defendant in this case is MICHAEL CHERTOFF,

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY ("Mr. Chertoff" or Defendant").

Plaintiff accordingly requests leave of this Court to file an Amended Complaint in which Mr. Chertoff's name is substituted for Mr. Paulison's, and in which Mr. Chertoff is thus named as the Defendant in this case.

A copy of the Amended Complaint is attached.

                                Respectfully Submitted,

                              __/s/_____
                              James L. Fuchs, D.C. Bar # 454514
                              Ari Taragin
                              Michael J. Snider

                              Law Offices of Snider & Associates, LLC
                              104 Church Lane; Suite 100
                              Baltimore, Maryland 21208
                              Phone: (410) 653-9060
                              Fax: (410) 653-9061
                              Representatives for Complainant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN TOM SMITH,<br>310 Ellsworth Drive<br>Silver Spring MD 20910<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY,<br>U. S. DEPARTMENT OF HOMELAND<br>AGENCY,<br>425 Murray Lane, Building 410<br>Washington, DC 20528<br><br>　　　　Defendant. | **Civil Action No.** 07-1045 (RMU)<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT

### NATURE OF ACTION

1.  This is an action by Plaintiff, John Tom Smith, (hereafter "Smith" or "Plaintiff") to redress actions taken by Defendant, Department of Homeland Security (hereafter "Defendant," "Department of Homeland Security," or "Agency") based on discrimination pursuant to the Age Discrimination in Employment Act (ADEA). Plaintiff brings this action to correct unlawful employment practices on the basis of age.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f). This Court has jurisdiction to award declaratory relief and all

> reasonable attorney's fees and costs pursuant to 42 U.S.C.A. §2000e-5(g)(k), 29 U.S.C.A. §626(b)(c)(1)(2), and 28 U.S.C.A. §1346b(1).

3. Venue is appropriate in this district pursuant to the venue statute as set forth under 42 U.S.C. § 2000e (5) (f) (3), and the local rules of this court. The unlawful employment practice occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. All of the necessary administrative prerequisites for filing the above referenced claims have been met.

5. Plaintiff timely filed his initial complaint on or about July 13, 2006.

6. Plaintiff timely amended his complaint on or about July 21, 2006.

7. On March 22, 2007, the Agency issued its Report of Investigation ("ROI").

8. On or about March 28, 2007, the Agency notified Plaintiff concerning the ROI.

9. Said ROI was woefully inadequate, and it appears that the investigator looked at few, if any, significant documents.

10. On or about May 2, Plaintiff responded to the Agency, and informed the Agency of his decision to file an action in this Court.

11. The Agency has stated that it will issue a final agency decision; its decision will be based upon the ROI.

12. Pursuant to 29 CFR §1614.407(c), Plaintiff has filed a timely Complaint with this court in the appropriate United States District Court within the 90-day statutory period from the receipt of a final agency decision.

13.

**PLAINTIFF**

14. Plaintiff, John Tom Smith, is a Caucasian American male, born 02/15/1942, and is a United States Citizen residing in the State of Maryland. He is a resident of Silver Spring, Maryland (Montgomery County), where he resided during all times relevant to this action.

**DEFENDANT**

15. Defendant, Michael Chertoff, Secretary U. S. Department of Homeland Security, an agency of the United States of America. Secretary Michael Chertoff is named as defendant in this action in his official capacity as the head of the U. S. Department of Homeland Security, under the umbrella of which is the Federal Emergency Management Agency (hereafter "FEMA").

**FACTUAL ALLEGATIONS**

16. Plaintiff has 23 years experience with FEMA and currently serves as Supervisory Emergency Management Specialist, GS-0301-14 at the Agency.

17. Plaintiff also serves as Acting Branch Chief, Programs and Standards Branch of FEMA. As Acting Branch Chief, Plaintiff carries out management duties, prepares a budget, and advises senior management in the formulation of Agency policy. Plaintiff also represents the Agency at meetings and conferences of the Interagency National Response Team, the National Incident Management Center (NIC), and the State and Urban Area Homeland Security Board, which reviewed strategies to ensure state

and local compliance with the Department of Homeland Security national preparedness strategy.

18. Plaintiff further helped formulate much of the policy that is promulgated in the National Incident Management System ("NIMS").

19. In addition, during declared disasters, Plaintiff serves as the night Branch Chief in the Operations Section of the National Resource Coordinating Center.

20. On September 19, 2004, Plaintiff was temporarily promoted to the position of Acting Branch Chief of the Programs and Standard Branch in the FEMA Preparedness Directorate.

21. Upon his promotion as Acting Branch Chief, Plaintiff began acting officially in a GS-15 supervisory capacity.

22. On or about January, 2005, Plaintiff's temporary promotion expired.

23. Upon the expiration of his promotion, Plaintiff was misassigned for 14 months to higher-graded supervisory activities for which he was not fully compensated.

24. Although the temporary promotion expired, Plaintiff was rated against supervisory performance standards.

25. Despite the expiration of his temporary promotion, Plaintiff continued to perform successfully the supervisory activities of the GS-15 position, as demonstrated by his performance appraisals.

26. Plaintiff's appraisals were at the GS-15 level.  The only changes in the standard GS-15 appraisal form used to appraise Plaintiff were (1) a hand-

written cross-out of the number "15" after the letters "GS" by Plaintiff's first-line supervisor, Al Fluman; and (2) Fluman's hand-written insertion of the number "14" in place of the number "15."

27. On or about February, 2006, Fluman deliberately excluded Plaintiff from a Branch Director meeting.

28. Plaintiff thereupon confronted Fluman concerning Fluman's exclusion of Plaintiff from the Branch Director meeting.

29. Fluman's explanation for excluding Plaintiff from the Branch Director meeting was that Fluman had taken someone else's advice to exclude Plaintiff, but that Fluman now believed that this was bad advice.

30. On or about March 1, 2006, Defendant dissolved a program in which Plaintiff was the Project Officer, and terminated funding for the Program, without notification to Plaintiff.

31. The dissolved program, the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") program, was an important FEMA program, and, to this day, Plaintiff has received no explanation concerning its dissolution or the termination of funding.

32. On or around March, 2006, Fluman began assigning duties to Plaintiff's subordinates without informing Plaintiff.

33. On April 27, 2006, Plaintiff applied for the position of Supervisory Program Specialist, GS-0301-14, with a promotion potential to GS-15, under Announcement RB-06-221-AJS. He was placed on the best qualified list, but was not interviewed or selected.

34. Plaintiff's name was referred to the selecting official, who was Plaintiff's first-line supervisor, Fluman. Plaintiff was not interviewed or selected.

35. Plaintiff also applied for the position of Supervisory Program Specialist, GS-0301-14/15 under Announcement RB-06-228-AJS. He was placed on the best qualified list, but was not interviewed or selected.

36. Plaintiff's name was referred to the selecting official, who was, again, Fluman.

37. Plaintiff was not interviewed or selected.

38. Plaintiff, at the time that he was not interviewed for either position, had been the Acting Branch Chief for over a year-and-a-half.

39. The GS-0301-14 position advertised under announcement RB-06-221-AJS had the same job description and duties as those of the position that Plaintiff had been fulfilling as Acting Branch Chief for over a year-and-a-half.

40. The person selected instead of Plaintiff for the GS-0301-14 position under Announcement RB-06-221-AJS is substantially younger that Plaintiff. He is James Millikin.

41. Upon information and belief, Millikin had no prior supervisory experience or GS-15 experience at the time that he was selected.

42. The person selected instead of Plaintiff for the GS-0301-15 position under Announcement RB-06-228-AJS is also substantially younger that Plaintiff. He is Tracey Haynes.

43. Haynes was hired from outside the Agency, and was serving as a temporary hire at the time that he was appointed.

44. Upon information and belief, Haynes had no prior supervisory experience or GS-15 experience at the time that he was selected.

45. Once the above RB-06-221-AJS selection was finalized, Plaintiff was told that he was not selected because Fluman felt that Plaintiff was not the "right" person for the job.

46. Plaintiff received no explanation from Fluman whatsoever concerning Plaintiff's non-selection for the RB-06-228-AJS position.

47. Upon information and belief, Plaintiff's non-section for the RB-06-228-AJS position resulted from Plaintiff's prior EEO activity.

48. Plaintiff not only met, but exceeded, the systems experience for the position advertised under announcement RB-06-221-AJS.

49. Plaintiff not only met, but exceeded, the metrics experience for the position advertised under announcement RB-06-228-AJS.

50. Plaintiff meets all the new requirements for the position advertised under Announcement RB-06-221-AJS in all ways.

51. Plaintiff meets all the new requirements for the position advertised under Announcement RB-06-228-AJS in all ways.

52. Plaintiff has, unlike the selectees, performed complex managerial and supervisory work.

53. Plaintiff has, unlike Millikan, performed the same job duties as those advertised under announcement RB-06-221-AJS.

54. The selectees (Millikan and Haynes) were unable to perform all facets of the supervisory position at the GS-15 level.

55. Plaintiff has been subjected to continuing discrimination and reprisal.

56. On June 26, 2006, without Plaintiff's knowledge, and with no prior notification to Plaintiff, Plaintiff's authority to sign and certify time and attendance cards was removed from Plaintiff's computer account.

57. Defendant continues to exclude Plaintiff from crucial Branch Chief meetings and the Federal Partners NIMS meeting.

## CAUSES OF ACTION

### Count I: Age Discrimination in Treatment of Plaintiff in Workplace

58. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

59. Beginning on February, 2006, Fluman excluded Plaintiff from a Branch Director meeting.

60. Defendant's dissolution of the CERCLA program, and the termination of funding, without notification to Plaintiff, was also a discriminatory act designed to strip Plaintiff of one of his important functions.

61. Fluman's assigning duties to Plaintiff's subordinates without informing Plaintiff was also a discriminatory act intended to deprive Plaintiff of his supervisory authority.

62. Defendant's misassignment of Plaintiff, and assignment of supervisory functions, without proper compensation, is also a discriminatory act and a Prohibited Personnel Practice (PPP).

63. Fluman was directly aware of, and contributed to, this discriminatory act and PPP, when he crossed out the number "15" from Plaintiff's appraisal and inserted the number "14" instead.

64. Defendant's actions, conduct and/or omissions in excluding Plaintiff from meetings was substantially motivated by age.

65. Defendant's actions and conduct in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

66. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

### Count II: Age Discrimination in Non-Selection of Plaintiff

67. Fluman intentionally ignored Plaintiff's KSAs, resume, qualifications, and experience as they pertain to job announcement RB-06-221-AJS to prevent Plaintiff's further pursuit of the desired vacancy in favor of a candidate not in Plaintiff's protected class. This was a PPP.

68. Fluman's explanation for selecting Millikin to fill the position advertised in job announcement RB-06-221-AJS, that Millikin has "experience as a detailed employee from DHS Grants and Training," ignores Plaintiff's far greater expertise and credentials with respect to the position advertised in job announcement RB-06-221-AJS.

69. Defendant's selection of Millikin and explanation for said selection were arbitrary and capricious and with intent to cause disparate treatment of the Plaintiff due to his age.

70. Based upon information and belief, Plaintiff was substantially more qualified and had substantially more working experience than the selected employee for the desired vacancy. The lesser-qualified selected employee was not in Plaintiff's protected class.

71. Defendant's actions, conduct and/or omissions in denying Plaintiff career advancement were substantially motivated by age.

72. Defendant's actions and conduct in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

73. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

74. But for Defendant's actions, conduct and/or omissions, Plaintiff would have been advanced to a GS-15 level position.

75. Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement.

76. But for Defendant's actions and conduct, Plaintiff would not have been injured.

77. Fluman intentionally ignored Plaintiff's KSAs, resume, qualifications, and experience as they pertain to job announcement RB-06-228-AJS to

prevent Plaintiff's further pursuit of the desired vacancy in favor of a candidate not in Plaintiff's protected class.

78. Fluman's explanation, in an affidavit, for selecting Haynes to fill the position advertised in job announcement RB-06-228-AJS, that Haynes has "extensive background in the Recovery Program" and "experience in the Long-Term Recovery operations for Hurricane Katrina," is completely irrelevant to the job description, was illegally imposed after-the-fact as a pretext, and ignores Plaintiff's far greater expertise and credentials with respect to the position advertised in job announcement RB-06-228-AJS.

79. Defendant's selection of Millikan, and explanation for said selection, were arbitrary and capricious and with intent to cause disparate treatment of the Plaintiff due to his age.

80. Defendant's selection of Haynes and explanation for said selection were arbitrary and capricious and with intent to cause disparate treatment of the Plaintiff due to his age.

81. Based upon information and belief, Plaintiff was substantially more qualified and had substantially more working experience than the selected employees for the desired vacancies. The lesser-qualified selected employees were not in Plaintiff's protected class.

82. Defendant's actions, conduct and/or omissions in denying Plaintiff career advancement were substantially motivated by age.

83. Defendant's actions and conduct in this regard were adverse employment actions and/or perpetuated intentional and unlawful discrimination based on age.

84. Defendant's actions, conduct, and/or omissions violated the ADEA, as amended.

85. But for Defendant's actions, conduct and/or omissions, Plaintiff would have been advanced to a GS-15 level position.

86. Plaintiff was injured by Defendant's actions, conduct, and/or omissions that denied Plaintiff any opportunity for career advancement.

87. But for Defendant's actions and conduct, Plaintiff would not have been injured.

## Count III: Reprisal

88. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

89. After Plaintiff filed an EEO claim to exercise his rights to have his claims of unlawful discrimination, Defendant failed to select Plaintiff for the position advertised under Announcement RB-06-228-AJS.

90. The selecting official for the position advertised under Announcement RB-06-228-AJS, Fluman, provided Plaintiff no explanation concerning Plaintiff's non-selection.

91. Defendant selected instead of Plaintiff for the position advertised under Announcement RB-06-228-AJS someone considerably less qualified than Plaintiff. The selectee was also from outside the Agency.

92. Fluman's explanation, in an affidavit, for selecting Haynes to fill the position advertised in job announcement RB-06-228-AJS, that Haynes has "extensive background in the Recovery Program" and "experience in the Long-Term Recovery operations for Hurricane Katrina," is completely irrelevant to the job description, was illegally imposed after-the-fact as a pretext, and ignores Plaintiff's far greater expertise and credentials with respect to the position advertised in job announcement RB-06-228-AJS.

93. On June 26, 2006, without Plaintiff's knowledge, and with no prior notification to Plaintiff, Plaintiff's authority to sign and certify time and attendance cards was removed from Plaintiff's computer account.

94. Defendant continues to exclude Plaintiff from crucial Branch Chief meetings and the Federal Partners Nims meeting.

95. There was a nexus between Plaintiff's protected activity and the retaliatory events listed above.

96. Plaintiff was damaged by Defendant's actions.

## **DAMAGES**

97. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

98. As a direct result of Defendant's actions, conduct and/or omissions as alleged herein this Complaint, Plaintiff suffered monetary and non-monetary damages.

99. In addition to the aforementioned damages, Plaintiff suffered emotional and mental anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, loss of professional standing, damage to professional character and reputation, loss of future earnings and/or economic potential, and other economic and non-economic damages as a direct result of Defendant's unlawful actions, conduct, and/or omissions.

WHEREFORE, PLAINTIFF REQUESTS that he be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant, was a violation of Plaintiff's federally protected rights;

b) An order directing Defendant to pay all pecuniary and non pecuniary damages suffered by Plaintiff as alleged herein in this Complaint;

c) An order directing Defendant to pay all damages incurred by Plaintiff, pursuant to Defendant's violations of the ADEA.

d) An order directing Defendant to pay all reasonable attorneys fees and costs incurred by Plaintiff and/or Plaintiff's counsel in this litigation;

e) Such other and further relief as the Court may deem just.

**Plaintiff requests for a jury trial on all matters of fact and/or combined matters of fact and law.**

Dated:  Baltimore, Maryland
January 2, 2008

Respectfully Submitted,

_____
Michael J. Snider, Esq.
Ari Taragin, Esq.
James L. Fuchs, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff